Caruthers, J.,
delivered the opinion of the Court:
In 1841, Moses Norvell recovered a judgment in Davidson Circuit Court, against the complainant; and others, which has not been paid. After the death of Moses Norvell, the judgment was revived in the name of Joseph Norvell, as his administrator. In 1853 a fi. fa. was issued upon this judgment, amounting to about $2,223.00 which came to the hands of the sheriff of Fayette county, and was levied upon a tract of land of complainant. This bill is tiled to perpetually enjoin said execution upon various grounds, but mainly upon the ground that the complainant' was regularly discharged from all his debts in 1843, under the act of Congress establishing a uniform system of bankruptcy In 1841, by a proceeding in the proper form in the State of Mississippi. To sustain this position, a paper purporting to be a certificate of discharge is exhibited in the bill, signed by S. J. Gholson, District Judge. The answer calls for the production of the proceed *572 ings and discharge, and insists that the complainant is liable to this debt, and has no good defence against it. No evidence was taken, and the case stands upon the pleadings and exhibits.
The only question is, whether the complainant has established the fact of his discharge as a bankrupt by the paper exhibited. The certificate of discharge is perhaps in the usual and proper form. Its only authentication is this: “ In testimony whereof, I, Samuel J. Gholson, Judge of the District Court of the United States for said District, have signed these presents, and caused the seal of said Court to be hereunto affixed.
“ S. J. Gholson, District Judge.
“Issued the 29th day of July, 1843.
“ G. M. Ragsdale, Clerk.”
The fact to be established is, that Tappan has been discharged from his debts in due and legal form. This can only be done by a regular proceeding and decree of some District Court of the United States. By art. 4, § 1, of the Const. of the U. S., “ full faith and eredit shall be given in each State to the judicial proceedings of every other State.” The manner in which these shall be proved is to be prescribed by Congress. This was done by the act of 1790, Car. & Nicholson, 35. The only question in such cases, is, whether this act has been complied with. If a record from a sister State is not so authenticated, it cannot be admitted as evidence. Full faith, credit and effect can only be given to a record from another State when the act of Congress has been pursued; it can in no other way be proved. The judicial proceedings in the Courts of the United States in one State, when *573 relied upon in another, as much as a record from a State Court, are governed by this provision,—10 Sm. & Marsh., 303.
What then, is the mode of authentication prescribed by the act of Congress? “The attestation of the clerk, and the seal of the Court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form.” Is this so authenticated? Certainly not in any particular. It is certified by the District Judge, and not the clerk. Some one assuming to be the clerk of that Court, endorses upon it that it was “issued the 29th day of July, 1843.” But if this were a certificate, we do not know that he is the clerk, or that it is in “ due form.” This can only be proved by the certificate of the judge of that Court. We cannot know, or recognize either the judge or clerk in this mode.
There is nothing in the bankrupt act, nor is there any law. in this State, to take the case of proceedings in bankruptcy out of the general provision referred to, or to make such a paper evidence of the facts it contains upon the certificate of a judge, or in any other mode than that which applies to records in all other cases. By the 13th section of the act of 1841, ch. 9, Stat. at Large, 5 vol., 448, the proceedings in cases of bankruptcy “shall be deemed matters of record.” By the 4th section, when the act has been complied with, the “ Court ” is to “decree ” a full discharge, and a certificate thereof is to be “granted to them by the Court.” The decree of discharge and certificate are to be made and granted by the Court. *574 They become then a part of the proceedings, and are matters of record.
Like all other matters of record, or judicial proceedings, then, they can only be verified or authenticated as prescribed -by the act of 1790. The clause in the latter part of the same section, which provides that “such certificate and discharge when duly granted, shall in all Courts of Justice, be deemed a full and complete discharge of all debts, contracts,” &c., “ and shall and may be pleaded as a full and complete bar to all suits,” &c., “and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for fraud,” &c., does not at all affect the question, as to the proper mode of authentication. We cannot then, notice, or give any effect to the paper exhibited.—Dorsey vs. Maury, 10 Smedes & Marshall, 303.
The result is, that the decree in this case must be reversed, and the bill dismissed.